# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 15, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| NYASHA WALROND, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1467V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Denial Without Hearing; |
| | * | Dismissal of Petition; |
| | * | Petitioner's Motion for Decision |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Diana L. Stadelnikas*, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Debra A. Begley*, Department of Justice, Washington, D.C., for respondent.

## DECISION DISMISSING PETITION[1]

On December 3, 2015, Nyasha Walrond ("petitioner") filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she developed Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza vaccine on February 6, 2015. Petition at ¶¶ 2 & 5. Petitioner filed a statement of completion on April 8, 2016. ECF No. 18. After an initial status conference on April 14, 2016, respondent filed a status report indicating he intended to defend against this claim. Respondent ("Resp.") Status Report (ECF No. 20).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended at 42 U.S.C. §§300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

Petitioner filed an expert report by Dr. Edwin Forman on March 24, 2017 and supporting literature on April 6, 2017.  *See* Petitioner ("Pet.") Notice of Filing Expert Report (ECF No.35) & Medical Literature ("Lit.") (ECF No. 36).  On June 14, 2017 respondent filed an expert report by Dr. Peter Bingham and the Rule 4(c) report.  *See* Resp. Notice of Filing Expert Report (ECF No. 39) & Resp. Report (ECF No. 40).  The undersigned held a Rule 5 Status Conference on July 14, 2017.  *See* Scheduling Order, issued July 14, 2017 (ECF No. 41).

During the Rule 5 status conference, I observed that the medical records indicated that petitioner had positive Epstein Barr Virus ("EBV") IgG and IgM tests between the time she received the flu vaccine and the time she was diagnosed with GBS.  *Id.*  The undersigned gave petitioner the opportunity to file a responsive expert report.  On October 26, 2017, petitioner submitted an additional expert report by Dr. Forman. ECF No. 46.  Respondent then submitted a supplemental report by Dr. Hayley Gans.  Resp. Notice of Filing Expert Report (ECF No. 51).  After another status conference held on March 28, 2018, the parties attempted to resolve this case informally, but reached an impasse in November 2018.  Resp. Status Report (ECF No. 66).  Respondent requested a status conference to determine how to proceed.  *Id.*

As requested by respondent, the undersigned held a status conference on February 27, 2019.  Scheduling Order (ECF No. 68).  During the status conference, I indicated that respondent's alternative cause was not speculative.  The well documented occurrence of EBV in the records and the temporal relationship with the onset of petitioner's GBS tends to make the alternative cause more likely than the more remote immunization.  I recommended petitioner's counsel discuss with her client on how to proceed.  *Id.*

On April 8, 2019, petitioner filed the present motion to dismiss her claim, indicating that "an investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."  Motion for a Decision Dismissing Petition (ECF No. 75).

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways.  The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time.  § 300aa-11(c)(1).  The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee.  § 300aa-13(a)(1)(A).  To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury.  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present cast, petitioner does not allege a Table injury.  Thus, to prevail on entitlement, petitioner must establish that the flu vaccine she received is the actual cause of her injuries.  Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

As discussed above, petitioner was quite ill with EBV in the intervening time between the

2

vaccination and the diagnosis of GBS.  *See* Pet. Ex. 2 at 533.  The presence of elevated EBV IgM documented the current nature of that infection.  Thus, it appears more likely that petitioner's GBS occurred as a sequela of the EBV rather than the influenza vaccine.

In this case, there is insufficient evidence in the record for petitioner to meet her burden under the Act or *Althen*.  Petitioner's claim therefore cannot succeed and in accordance with her motion, must be dismissed for insufficient proof.

**Thus, this case is dismissed for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

3