# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 15, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| NYASHA WALROND, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1467V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Voluntary Dismissal. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Diana L. Stadelnikas*, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Debra A. Begley*, Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 3, 2015, Nyasha Walrond[2] ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[3] Petitioner alleged as a result of an influenza ("flu") vaccine she received on February 6, 2015, she developed Guillain-Barré Syndrome ("GBS"). Petition at ¶ 5. On April 8, 2019, petitioner filed a motion for a decision dismissing the petition. ECF No. 75. The undersigned granted petitioner's motion and petitioner's claim was thereafter dismissed for insufficient proof. Decision (ECF No. 77).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The case caption was modified on March 15, 2019 to reflect that petitioner had reached the age of majority.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On July 17, 2019, petitioner filed an application for attorneys' fees and costs. Petitioner's Fees Application ("Fees App.") (ECF No. 81). Petitioner requests a total attorneys' fees and costs in the amount of $58,384.41 (representing $45,638.40 in attorneys' fees and $12,746.01 in costs). Fees App. at ¶¶ 2-3. Respondent responded to the motion on July 31, 2019 stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and requests that the undersigned "exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response ("Resp. Response") at 2-3 (ECF No. 82). Petitioner filed a reply on August 1, 2019, stating that respondent's position regarding fees and costs is overly burdensome on the Court and prejudices the petitioner and that petitioner has met her burden of establishing reasonable fess and costs. Petitioner's Reply at 2-3 (ECF No. 83). Petitioner also stated that her requests are reasonable and should be awarded without reduction. *Id.* at 5.

This matter is now ripe for adjudication.

**I.    LEGAL STANDARD**

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

**II.    ANALYSIS**

I find no reason to doubt the good faith and reasonable basis for which the claim was brought. Petitioner asserted that she suffered GBS as a result of receiving the flu vaccine.

Petition at ¶ 5. Petitioner was diagnosed with GBS and her expert put onset within the medically acceptable timeframe for onset of GBS symptoms. *See* Scheduling Order (ECF No. 68). However, the medical records also indicated that petitioner was positive for Epstein-Barr Virus IgM in the hospital and petitioner had recorded symptoms consistent with EBV during her hospitalization between the date the vaccine was administered and the diagnosis of GBS. *Id.* at 2. I indicated that respondent's alternative cause was not speculative and recommended petitioner file a motion to dismiss the petition. *Id.* Petitioner filed the motion to dismiss the petition within a reasonable time after the status conference, thus not utilizing more of the Court or respondent's time in litigating this case.

Although it appeared unlikely that petitioner would be entitled to recovery after a careful review of the case, including the medical records and expert reports filed, I find that petitioner initially had evidence of a medical condition that could be caused by vaccination. Additionally, by dismissing the claim after a review of the facts at the status conference, the amount of fees and costs were limited. Accordingly, I find that petitioner should be awarded reasonable attorneys' fees and costs.

### III. REASONABLE ATTORNEYS' FEES AND COSTS

#### A. Hourly Rate

Petitioner requests compensation for her attorneys, Mr. Altom Maglio, Ms. Diana Stadelnikas and Ms. Danielle Strait. Pet. Fees App. at 1. Petitioner requests Mr. Altom be compensated at a rate of $353.00 per hour for work done in 2016; Ms. Stadelnikas be compensated at a rate of $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018 and $415.00 per hour for work performed in 2019; and Ms. Strait be compensated at a rate of $320.00 per hour for work performed in 2017. Petitioner also requests compensation for nine paralegals for work performed from 2015-2019 ranging from $95-148 per hour for work performed from 2015-2019. *Id.*

These attorneys at the Maglio firm have been awarded these attorney and paralegal rates by myself and other special masters in the Vaccine Program. *See Patrick v. Sec'y of Health & Human Servs.*, No. 17-922, 2018 WL 6545977 * 1 (Fed. Cl. Spec. Mstr. Nov. 13, 2018); *Dighero v. Sec'y of Health & Human Servs.,* No.15-22V, 2018 WL 2224880 (Fed. Cl. Spec. Mstr. Apr. 6, 2018). As a result, I find the requested attorney and paralegal rates to be reasonable and will award those hourly rates in full.

#### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant or otherwise unnecessary. *See Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993). As the Secretary did specifically object to the number of hours petitioner requests, I have reviewed the fee application for its reasonableness. *See McIntosh v. Sec'y of Health & Human Servs.,* 139 Fed. Cl. 238 (2018). A line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Petitioner

requests a total of $45,638.40 in attorney's fees.  Given the length of the case, the extensive medical records of petitioner and the need for expert reports to ultimately resolve the case, I find that the hours billed are reasonable and no reductions are necessary.  **Accordingly, petitioner is awarded attorney's fees in the amount of $45,638.40.**

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $12,746.01 in costs.  This request includes the cost of filing the petition, obtaining medical records, postage and retaining and expert.  These costs are typical of the expenses in the Vaccine Program.  Additionally, counsel provided receipts and invoices related to these costs.  **Accordingly, petitioner is awarded attorneys' costs in the amount of $12,746.01.**

### IV.    CONCLUSION

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED.  Accordingly, I will award the following:**

1) **A lump sum in the amount of $58,384.41, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Diana L. Stadelnikas.[4]**

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).